Receipt # C0301

ORIGINAL

ECF

FILED
JUL 9 2003
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Tecom, Inc, | § | |
| Plaintiff, | § | |
| v. | § | No. 03-1671C |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Plaintiff, Tecom, Inc., by and through its undersigned counsel, and alleges the following for its Complaint:

JURISDICTION

1. Jurisdiction in this action is conferred on this Court by 28 U.S.C. § 1491 and 41 U.S.C. § 609. The Complaint is founded on an express contract with the United States of America.

PARTIES

2. The Plaintiff, Tecom, Inc. ["Tecom"], a Texas corporation, with its principal offices at 8834 N Capital of Texas Highway, #302, Austin, Texas 78759.

3. Defendant, United States of America, acting through the United States Department of the Army, Mr. Stephen P. Schlabach, Mr. Barry Barnett, Contracting Officers, Department of the Army, HQ III Corps and Fort Hood, Contracting Command, Contract Administration, 1001 761st Tank Battalion Avenue, Fort Hood, Texas 76544-

5000, [the "Government"], an executive agency of the federal government, awarded the contract herein described.

## I. ALLEGATIONS

4. Tecom, Inc., ["Tecom"] was awarded Contract No. DAKF11-96-C-0001 [the "Contract"] for Military Family Housing Maintenance at Fort Hood, Texas. This Contract is a cost reimbursement contract.

5. Tecom's General & Administrative ["G&A"] expense rate under the subject contract was capped at 4%.

6. During performance of the Contract, a former employee of Tecom's who had worked on the Contract sued Tecom for sexual harassment [the "lawsuit"] as a result of her employment on the Contract. Tecom vigorously defended the lawsuit.

7. The lawsuit was ultimately settled via settlement agreement dated March 19, 1999.

8. Under the terms of the settlement agreement, Tecom agreed to pay the sum of $50,000.00 to settle the suit [hereinafter "Settlement Expenses"]. The agreement expressly stated that there was no admission of liability.

9. None of the allegations of the lawsuit involved any submission of false claims, misrepresentation or fraud on the Government, nor is the lawsuit or any of the events that gave rise to that suit linked in any way to any allegations of submission of false claims, misrepresentation or fraud on the Government.

10. For accounting purposes, Tecom classified the $50,000.00 settlement payment as a direct cost, and charged it to a "pre-paid" account, pending approval for payment by the Government.

11. On September 2, 1999, Tecom submitted an invoice for payment under the subject contract in the total amount of $146,163.16, which included the $50,000.00 settlement payment, and $96,163.16 in attorney fees and legal expenses incurred in defense of the suit.

12. The Government refused to pay the invoice. Initially, that refusal was based upon the Government's belief that Tecom was required to demonstrate a direct benefit to the Government before the costs of defending and settling the employment dispute could be allocable.

13. The Government later abandoned that argument, and instead refused to pay the invoice on the basis that Tecom must first show that it was substantially likely to have ultimately prevailed at trial in the settled lawsuit, relying on Boeing North American v. Roche, 298 F.2d 1274 (Fed. Cir. 2000).

14. An alternative basis for refusing payment was the unsupported assertion of the DCAA in an audit of the invoice that the entire amount of the $146,163.10 had allegedly been charged to Tecom's G&A pools.

15. Tecom converted its invoice to a claim by letter dated June 22, 2001.

16. The Contracting Officer failed to issue a final decision upon the claim within the time period required by the Contract Disputes Act.

17. On July 30, 2002, Tecom submitted an appeal for lack of a final decision to the Armed Services Board of Contract Appeals. That appeal is docketed as ASBCA No. 53884.

18. On September 4, 2002, the Contracting Officer issued a final decision on a newly asserted Government claim demanding "repayment" of $96,163.16 in legal legal fees and expenses which the Government believes has actually been paid to Tecom via G&A. Exhibit 1. The basis for the Government's claim is the same as its basis for denying Tecom's claim- the Government's position that the Boeing decision rendered those costs unallowable.

19. Tecom has not been paid $96,163.16 via it's G&A, which is capped at 4%.

20. The Federal Circuit's decision in Boeing is irrelevant to the allowability of these costs, because the principles expressed in Boeing apply only to legal expenses incurred in lawsuits related to submission of false claims or fraud on the Government.

21. This action is an appeal from that September 4, 2002 final decision.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court enter judgment for Plaintiff as follows:

1. sustaining Plaintiff's appeal from the September 4, 2002 final decision of the Contracting Officer, such that the Government take nothing upon its claim

2. all costs incurred herein to the extent permitted by the law; and

3. such other and further relief as the Court deems just and proper.

Dated: July 8, 2003

Respectfully Submitted,

Johnathan M. Bailey
SBN 24000009

Of Counsel:

THEODORE M. BAILEY, P.C.
Milam Building, Suite 711
115 East Travis
San Antonio, Texas 78205-1611
Telephone: (210) 225-7747
Facsimile: (210) 225-8246

Attorney for Plaintiff,
Tecom, Inc.