ECF

ORIGINAL

FILED
JUL 9 2003
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TECOM, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 03-1671C |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

MOTION TO CONSOLIDATE SUIT WITH APPEALS PRESENTLY PENDING BEFORE ARMED SERVICES BOARD OF CONTRACT APPEALS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, by and through the undersigned counsel, and moves that the Court consolidate this suit with an appeal presently pending before the Armed Services Board of Contract Appeals [the "Board"], pursuant to 41 U.S.C. section 609(d) based upon the following facts:

By letter dated June 22, 2001, Plaintiff submitted a claim to the Contracting Officer for payment of an invoice for legal fees and settlement expenses incurred in defense of an employment dispute under cost reimbursement Contract DAKF11-96-C-0001 in the amount of $146,163.10. By final decision letter dated September 4, 2002, the Government asserted a claim for repayment of legal expenses in the amount of $96,163.10, which was part of the $146,163.10 claimed by Plaintiff. Plaintiff appealed the final decision denying Plaintiff's own claim by notice of appeal to the Armed Services Board of Contract Appeals dated July 30, 2002, which appeal has been docketed as ASBCA No. 53884.

The Government claim before this Court is, in part, a mirror image of the appeal already docketed before the ASBCA.

In that appeal, the Government challenges Tecom's right to recover $96,163.10 in legal fees as a direct cost, because 1) the Government believes it was already paid through G&A, and 2) because the Government believes that such cost are unallowable by virtue of the decision of the United States Court of Appeals for the Federal Circuit in Boeing North American v. Roche, 298 F.2d 1274 (Fed. Cir. 2000).

The Government's positive claim for repayment before the Court in this case is also based upon the Government's belief that the $96,163.10 is unallowable under Boeing and should not have been included in Plaintiff's G&A pool. Accordingly, both ASBCA No. 53884 and this case involve exactly the same operative facts, and the same legal issues.

Since a related but different claim is the subject of the appeal before the Board, there is no way to factually separate this suit from the appeal before the Board. The same witnesses will be used in the appeal before the Board and in the instant suit.

It would be a hardship for Plaintiff to have to prosecute similar claims in both forums. In addition, it would clearly be a waste of judicial resources to have both forums hear essentially the similar evidence. Therefore, Plaintiff believes it would be in the best interest of both parties to transfer the instant suit and consolidate it with the appeal presently pending before the Board.

WHEREFORE, Plaintiff respectfully moves that the Court order that the instant suit be transferred to the Armed Services Board of Contract Appeals and be

consolidated with Appeal No. 53884 before the Armed Services Board of Contract Appeals pursuant to 41 U.S.C. Section 609(d), RCFC Rule 42(a).

Dated: July 8, 2003

Respectfully Submitted,

Johnathan M. Bailey
SBN 24000009

Of Counsel:

THEODORE M. BAILEY, P.C.
Milam Building, Suite 711
115 East Travis
San Antonio, Texas 78205-1611
Telephone: (210) 225-7747
Facsimile: (210) 225-8246

Attorney for Plaintiff,
Tecom, Inc.

CERTIFICATE OF SERVICE

I certify that a two true and correct copies of the above and foregoing Motion to Consolidate Suit with Appeals Presently Pending Before Armed Services Board of Contract Appeals and proposed order has been caused to be delivered by U.S. Mail to the following this 8th day of July, 2003, by the undersigned.

Office of the Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

JOHNATHAN M. BAILEY

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TECOM, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. ____________________ |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

ORDER TO CONSOLIDATE SUIT WITH APPEALS PRESENTLY PENDING BEFORE ARMED SERVICES BOARD OF CONTRACT APPEALS

On this day came on to be considered Plaintiff's Motion to Consolidate Suit with Appeals Presently Pending Before Armed Services Board of Contract Appeals. Upon consideration, and for good cause shown, the Court is of the opinion that the motion should be GRANTED in all things.

IT IS THEREFORE ORDERED, that pursuant to 41 U.S.C. Section 609 (d), RCFC Rule 42 (a), this cause of action be transferred in its entirety to the Armed Services Board of Contract Appeals.

SIGNED this _____ day of ______________________, 2001.

________________________________

JUDGE