**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TECOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1671C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE SUIT WITH APPEALS PRESENTLY PENDING BEFORE THE ARMED SERVICES BOARD OF CONTRACT APPEALS**

Pursuant to Rule 7.1(a) of the Rules of the United States Court of Federal Claims, defendant, the United States, does not oppose plaintiff's request to consolidate this claim with an appeal presently pending before the Armed Services Board of Contract Appeals, as set forth in plaintiff's Motion to Consolidate Suit With Appeals Presently Pending Before Armed Services Board of Contract Appeals ("plaintiff's motion").

Plaintiff, Tecom, Inc. ("Tecom"), was awarded a cost reimbursement contract, No. DAKF-11-96-C-0001 ("contract"), for military housing maintenance at Fort Hood, Texas. Plaintiff's Complaint ("Pl. Compl.") ¶ 4. During the performance of the contract, Tecom settled a lawsuit of a former employee who had worked on the contract. Pl. Compl. ¶¶ 6-8. Tecom subsequently submitted an invoice for payment to the contracting officer that included the settlement payment, attorneys fees and legal expenses incurred in defending the lawsuit. Pl. Compl. ¶¶ 10 & 11. This invoice was not paid by the contracting officer, and Tecom converted this invoice to a claim by letter dated June 22, 2001. Pl. Compl. ¶¶ 12-15. The contracting officer allegedly did not act on this claim so on July 30, 2002 Tecom submitted an appeal to the Armed Services Board of Contract Appeals ("ASBCA"). Pl. Compl. ¶ 17. That appeal is

docketed as ASBCA No. 53884. Id. On September 4, 2002, the contracting officer issued a final decision that Tecom asserts is a newly asserted claim surrounding these legal fees. Pl. Compl. ¶¶ 18 & 19. Tecom did not appeal this contracting officer's decision to the ASBCA, however it is the basis of plaintiff's present complaint. Pl. Compl. ¶ 21. In conjunction with the complaint, Tecom filed this motion on July 9, 2003.

In making its decision to not oppose plaintiff's request, the United States considered the provisions of the Contract Disputes Act and prior case law.

Section 609(d) of Title 41, United States Code, provides that:

> If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court, or transfer any suits to or among the agency boards involved.

41 U.S.C. § 609(d) 1982.

This type of request has been placed before the Court on many occasions. Giuliani Contracting Co. Inc v. United States, 21 Cl. Ct. 81 (1990); Blount, Inc. v. United States, 15 Cl. Ct. 146 (1988); Glendale Joint Venture v. United States, 13 Cl. Ct. 325 (1987). The pertinent language and considerations in this section of the Contract Disputes Act when transfer is an issue are "the convenience of the parties or witnesses" and the "interest of justice." E.D.S. Federal Corporation v. United States, 2 Cl. Ct. 735 (1983). Undersigned counsel has discussed plaintiff's motion with attorneys at the U.S. Army's Contract Appeals Division, who are agency counsel handling plaintiff's ASBCA appeal. Agency counsel have stated they do not oppose plaintiff's request for consolidation at the ASBCA. Additionally they believe this claim can be resolved by

the ASBCA, which is a convenient forum for the parties and witnesses in light of the fact their case has been ongoing for over a year now.

The facts of this case also demonstrate there are other factors that weigh in favor of transferring this matter. The disputes before this Court and the ASBCA involve the same contract and overlapping issues. Roubin & Janeiro, Inc. v. United States, 227 Cl. Ct. 580, 652 F.2d 70 (1981); Space Age Eng., Inc. v. United States, 2 Cl. Ct. 164, 165 (1983). Furthermore, the plaintiff elected to take its first claim to the ASBCA and substantial effort has been expended at the ASBCA on that claim. E.D.S. Federal Corp. v. United States, 1 Cl. Ct. 212, 214 (1983). Finally, though it appears that plaintiff's complaint was filed with this Court after the ASBCA's 90-day statute of limitations has run, the board can exercise jurisdiction if this Court transfers a claim to the ASBCA. Glenn v. United States, 858 F.2d 1577, 1581 (Fed. Cir. 1988).

For the above reasons, defendant does not object to plaintiff's motion or this Court transferring this matter to the ASBCA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Bryant Snee
BRYANT SNEE
Assistant Director

S/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch

Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Attorneys for Defendant

OF Counsel:
Capt. Timothy Ryan
U.S. Army Litigation Division
901 North Stuart St., Suite 400
Arlington, VA 22203

August 5, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 5th day of August, 2003, I caused to be placed in the United States mail (first class, postage prepaid) a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE SUIT WITH APPEALS PRESENTLY PENDING BEFORE THE ARMED SERVICES BOARD OF CONTRACT APPEALS" addressed as follows:

Theodore M. Bailey, P.C.
Milam Building, Suite 711
115 East Travis
San Antonio, Texas 78205-1611

S/Douglas K. Mickle